IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| PETE CUMING, JAMES A. BENTON, and DOROTHY MCFADDEN, individually and as representatives of a class of people similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOUTH CAROLINA LOTTERY COMMISSION, JAMES A. BAILEY, JR., T. MOFFATT BURRISS, DR. EDWARD C. KEITH, ASHLEY LANDES, TIM MADDEN, A. MARVIN QUATTLEBAUM JR., BOYKIN ROSE, NATHANIEL SPELLS, SR., LISA H. STEVENS, in their official positions as members of the Board of Commissioners of the South Carolina Lottery Commission, and ERNIE PASSAILAIGUE as Executive Director of the South Carolina Lottery Commission,<br><br>Defendants. | Civil Action No.: 3:05-cv-03608-MBS<br><br><br><br><br><br>**O R D E R   A N D<br>O P I N I O N** |

Plaintiffs Pete Cuming, James A. Benton, and Dorothy McFadden ("Plaintiffs") bring this action as individuals and representatives of a putative class of similarly-situated plaintiffs against the South Carolina Education Lottery ("SCEL") Commission ("the Commission"), its Executive Director, and the individual members of the SCEL Board of Commissioners (together "Defendants").

Plaintiffs allege they have been misled into purchasing instant-win lottery tickets advertising "top prizes" after the "top prizes" had already been won. Plaintiffs seek declaratory and injunctive relief and allege state law claims for breach of contract, breach of contract accompanied by a fraudulent act, and unjust enrichment, for which they seek restitution, the creation of a constructive trust, and punitive damages.

On February 23, 2007, Plaintiffs submitted a motion to certify a class of plaintiffs and a motion to amend the complaint to join several defendant retailers. On March 28, 2007, Defendants responded to both motions. On April 9, 2007, Plaintiffs replied, and on May 18, 2007, after hearing arguments from the parties, this court granted Plaintiffs' motion to amend. The court postponed judgment on Plaintiffs' motion to certify class until the newly-joined retailer defendants had an opportunity to respond to Plaintiffs' allegations. On December 11, 2007, the court dismissed the retailer defendants from this action. On February 5, 2008, the court held a hearing on Plaintiffs' motion to certify the plaintiff class.

This matter is now before the court on Plaintiffs' motion to certify class. After considering the arguments and pleadings from the parties, the court concludes Plaintiffs' motion to certify class should be denied.

I. STANDARD OF LAW

As a preliminary matter, the court should consider the definition of the class when determining the appropriateness of class certification. Kirkman v. North Carolina R. Co., 220 F.R.D. 49, 53 (M.D.N.C. 2004). "Although not specifically mentioned in the rule, an essential prerequisite of an action under Rule 23 is that there must be a 'class.'" 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1760 (2d ed. 1986 & Supp.

2007). The court should not certify a class unless the class description is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." Id. The proposed class definition must not depend on subjective criteria or the merits of the case or require an extensive factual inquiry to determine who is a class member. In re Copper Antitrust Litig., 196 F.R.D. 348, 353 (W.D. Wis. 2000). Where the practical issue of identifying class members is overly problematic, the court should consider that the administrative burdens of certification may outweigh the efficiencies expected in a class action. Sanneman v. Chrysler Corp., 191 F.R.D. 441, 445 (E.D. Pa. 2000).

Once the moving party has put forth an adequate class definition, it must meet the class certification requirements of Rule 23 of the Federal Rules of Civil Procedure, which include the four prerequisites of Rule 23(a) and at least one of the three requirements of Rule 23(b). In considering the requirements of Rule 23, the court has "wide discretion in deciding whether or not to certify a proposed class." Central Wesleyan College v. W.R. Grace & Co., 6 F.3d 177, 185 (4th Cir. 1993). However, the court must accept the allegations made in support of certification as true, and not undertake an examination of the merits of the case. Malone v. Microdyne Corp., 148 F.R.D. 153, 156 (E.D. Va. 1993). Plaintiffs bear the burden of showing that the class certification requirements have been met. Id.

Rule 23(a) provides that members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These four

prerequisites are often referred to succinctly as "numerosity," commonality," "typicality," and "adequacy."

Once the moving party has met the four prerequisites of Rule 23(a), it must show that it falls into at least one of the three categories defined by Rule 23(b). Thus, Plaintiffs must establish either: (1) that prosecution of separate actions would risk inconsistent standards of conduct or impede the ability of other class members to protect their interests; (2) that the class is primarily seeking injunctive or declaratory relief; or (3) that common questions of law or fact predominate over individual questions such that a class action is superior to any other method of adjudication. See Kirkman, 220 F.R.D. at 53.

## II. DISCUSSION

Having reviewed the pleadings, memoranda of law, exhibits of record, and arguments of the parties, the court finds that Plaintiffs' motion to certify class fails at each stage of the Rule 23 analysis. Specifically, Plaintiffs have failed to put forth an administratively feasible class definition, have failed to establish "commonality," "typicality," and "adequacy" as required by Rule 23(a), and have failed to demonstrate that this proposed class falls into any of the categories authorized by Rule 23(b).

A. Plaintiffs' Class Definition

Plaintiffs have moved to certify a class action on behalf of a Plaintiff Class consisting of:

> All individuals who purchased South Carolina Education Lottery instant scratch-off tickets offering a chance to win top prizes that at the time of sale were no longer available. The class specifically excludes the judge, magistrate, and any special master to whom this case may be assigned, and their immediate families.

Plaintiffs' Reply Memorandum in Support of the Motion to Certify Class, p. 4.[1] Plaintiffs also request that the court appoint the named Plaintiffs as the class representatives in this action.

The court finds that Plaintiffs' class definition is not "sufficiently definite" so that it would be administratively feasible for the court to determine whether a particular individual is a member. See Oshana v. Coca-Cola Bottling Co., 225 F.R.D. 575, 580 (N.D. Ill. 2005) (denying class certification to a "boundless" class of soft-drink consumers). The putative class consists of thousands of members. Motion for Class Certification, p. 5. To become a member of the class, prospective members would have to show that they purchased SCEL instant scratch-off tickets that offered a chance to win top prizes that were no longer available at the time of sale. In order to determine which of these individuals has standing to sue, the court would have to conduct potentially thousands of individualized inquiries to determine whether the ticket had been purchased after the top prize had been awarded. This is exactly the type of "extensive factual inquiry" that courts have held to be too administratively burdensome to warrant class certification. See In re Copper Antitrust Litig., 196 F.R.D. at 353; Sanneman, 191 F.R.D. at 445. Therefore, the court concludes that the class definition is not sufficiently definite so as to allow the court to determine whether a particular individual is a member. Furthermore, the administrative burden of certification outweighs the efficacy of a class action.

---

[1] Plaintiffs submitted two alternative class definitions in support of their motion to certify class. At the class certification hearing, Plaintiffs acknowledged that "definition number two," quoted above, was the preferred class definition. See Transcript of Hearing on Motion for Class Certification, p. 26.

B. Rule 23(a) Analysis

Even if Plaintiffs had put forth an adequate class definition, their motion for class certification must be denied because Plaintiffs fail to meet all the necessary requirements of Rule 23(a). Although Plaintiffs satisfy the requirement of "numerosity," Plaintiffs fail to satisfy the requirements of "commonality," "typicality," and "adequacy."

*1. Numerosity*

Plaintiffs have established the requirement of "numerosity." Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). "No bright line test exists for determining numerosity, however, and the determination rests on the court's practical judgment in light of the particular facts of the case." Lott v. Westinghouse Savannah River Co., Inc., 200 F.R.D. 539, 550 (D.S.C. 2000). Courts have held that joinder was impracticable when there were anywhere between twenty-five and two million class members. 7A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1762 (2d ed. 2007).

Plaintiffs claim that "there are potentially hundreds of thousands of class members, each of whom has an identical contract with the Lottery, which was breached by the Lottery in an identical manner as to all class members." Motion for Class Certification, p. 5. Defendants respond that Plaintiffs fail to meet the numerosity requirement because Plaintiffs cannot identify an exact number of class members. However, Plaintiffs' present inability to specifically identify the exact number of proposed class members "supports rather than bars the bringing of a class action." Talbott v. GC Serv. Ltd. P'ship, 191 F.R.D. 99, 102-03 (W.D. Va. 2000) (quoting Doe v. Charleston Area Med. Center, Inc., 529 F.2d 638, 645 (4th Cir.1975)). Defendants point to nothing in the record that casts doubt on whether a large number of potential plaintiffs purchased scratch-off lottery tickets from

Defendants. Furthermore, Defendants have not contested Plaintiffs' contention that it would be impractical to join "hundreds of thousands" of individual plaintiffs to this suit. Under such circumstances, "it is beyond debate that this case satisfies the numerosity requirement in Rule 23(a)." Ganesh, L.L.C. v. Computer Learning Ctrs., Inc., 183 F.R.D. 487, 489 (E.D. Va. 1998). The court therefore finds that Plaintiffs have satisfied the numerosity requirement. However, this does not overcome Plaintiffs' initial failure to sufficiently define the class.

*2. Commonality*

Plaintiffs fail to establish that they meet the requirement of "commonality." "A proposed class will satisfy the Rule 23(a)(2) commonality requirement if there is at least one question of law or fact common to the class." Fisher v. Virginia Elec. & Power Co., 217 F.R.D. 201, 211-12 (E.D. Va. 2003). However, "[a] question is not common . . . if its resolution 'turns on a consideration of the individual circumstances of each class member.'" Thorn v. Jefferson-Pilot Life Ins. Co., 445 F.3d 311, 317 (4th Cir. 2006) (quoting 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1763 (3d ed. 2005)).

Plaintiffs argue that every potential plaintiff in this action was injured by a single course of conduct by Defendants, which is based upon one set of factual circumstances, and one central question of law. Specifically, all persons who purchased SCEL instant scratch-off tickets offering a chance to win top prizes that at the time of sale were no longer available. However, Defendants respond that "the putative class members lack commonality because the play experiences and applicable defenses vary from player to player." Defendant's Response, p. 16. Defendants observe the putative class members may be subject to different defenses and may have relied to different degrees on Defendants' allegedly misleading statements.

The court agrees that Plaintiffs fail to establish "commonality" because the questions of law and fact at issue in this case will require consideration of the individual circumstances of each member. In order to recover, class members must show that they were injured by Defendant's conduct. Some class members, who won more playing the lottery than they lost, may have suffered no harm at all. Other class members, who did suffer harm playing the lottery, may have difficulty showing that they were deceived or misled by Defendant's advertising practices. Some of these class members may have purchased lottery tickets with full knowledge that the top prizes were no longer available, in hopes of winning a lesser prize. In order to resolve such questions, the court would be required to conduct an inquiry into the individual circumstances and motivations of each class member. Therefore, the court finds that Plaintiffs have failed to meet the requirement of commonality.

*3. Typicality*

Plaintiffs also fail to establish the requirement of "typicality," which "tends to merge" with the requirement of commonality. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 157 n.13 (1982). Rule 23(a)(3) provides that the claims or defenses of the representative parties must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Like the requirement of commonality, the requirement of typicality "serve[s] as [a] guidepost[] for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Falcon, 457 U.S. at 157 n.13. In general, the class representatives' damages must also be typical of the class. See Doe v. Chao, 306 F.3d 170, 183-84 (4th Cir. 2002) (holding class representatives' inability to prove damages properly precluded finding

of typicality); Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 342-44 (4th Cir 1998) (holding that individualized damages will preclude typicality where a fact-specific inquiry is necessary).

Defendants argue that the claims of class representatives James Benton and Pete Cuming are not typical of the class because Benton and Cuming both testified that they purchased lottery tickets with the knowledge that the SCEL sold lottery tickets after the top prizes were no longer available. Cuming Dep., pp. 122-24; Benton Dep., p. 90-91. It therefore appears that Plaintiffs Benton and Cuming may face difficulty proving that they were mislead or otherwise harmed by Defendants' advertising practices. Accepting as true Plaintiffs' claim that at least some of the unnamed class members were mislead by Defendants' advertising practices, the putative class representatives have not "suffered 'injur[ies] similar to the injuries suffered by other class members.'" See Doe, 306 F.3d at 184 (quoting McClain v. South Carolina Nat'l Bank, 105 F.3d 898, 903 (4th Cir. 1997)). Therefore, the court finds that Plaintiffs have failed to meet the requirement of typicality.

*4. Adequacy*

Plaintiffs also fail to establish the requirement of "adequacy" of representation. Rule 23 requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This rule involves two components: (1) that Plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation; and (2) that the class representatives' interests are not antagonistic to or in conflict with those of other class members. South Carolina Nat'l Bank v. Stone, 139 F.R.D. 325, 330 (D.S.C. 1991). "In making the appropriate inquiry as to Rule 23(a)(4), adequacy, the district court should seek to 'uncover conflicts of interest between named parties and the class they seek to represent,' and ask whether class representatives

9

'possess the same interest and suffer the same injury as the class members.'" Alston v. Virginia High School League, Inc., 184 F.R.D. 574, 578 (W.D. Va. 1999) (quoting Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997)).

"In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to prosecute vigorously the action on behalf of the class." Hewlett v. Premier Salons Int'l, Inc., 185 F.R.D. 211, 218 (D. Md. 1997). Defendants have presented no evidence indicating that Plaintiffs' counsel are unqualified to represent the proposed class. Furthermore, Plaintiffs' counsel have submitted affidavits testifying to their experience and familiarity with complex civil litigation. Thus, the court finds that class counsel are qualified to conduct this litigation.

However, as previously discussed, two of the named Plaintiffs in this action may be unable to demonstrate that they have suffered the same injury as the putative class members they seek to represent. These Plaintiffs would be unable to fairly and adequately protect the interests of absent class members who may have suffered greater damages. Therefore, the court finds that Plaintiffs are not adequate representatives of the putative class.

C. Rule 23(b) Analysis

Plaintiffs' motion to certify class must also be denied because Plaintiffs fail to satisfy any one of the three subsections of Rule 23(b).

1. *Rule 23(b)(1)*

"An action may be brought as a class action under Rule 23(b)(1) if individual adjudication of the controversy would prejudice either the party opposing the class, (b)(1)(A), or the class members themselves, (b)(1)(B)." Zimmerman v. Bell, 800 F.2d 386, 389 (4th Cir. 1986). Because

Rule 23(b)(1) has the effect of preventing individual members from opting-out of the class to pursue separate litigation that might prejudice the class or defendant, class actions qualified under this rule are often called "mandatory." Cashman v. Dolce Int'l/Hartford, Inc., 225 F.R.D. 73, 93 (D. Conn. 2004).

Plaintiffs assert that the proposed class may be qualified under Rule 23(b)(1) because allowing individual class members to bring separate actions would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants. However, Defendants argue that the class should not be certified under this subsection because Rule 23(b)(1) does not apply where compensatory damages are sought and that the adjudication of Plaintiffs' claims would impede the ability of absent class members to protect their interests.

The Fourth Circuit has observed that the "mandatory" class action certification under Rule 23(b)(1) is generally inappropriate where the plaintiffs seek money damages. See Zimmerman, 800 F.2d at 389. Plaintiffs seek nearly $20 million in money damages, not including punitive damages. Furthermore, "mandatory" class status would be particularly prejudicial to absent class members in this case given the relevance of individual questions of law and fact as discussed hereinabove. Therefore, the court finds that this action cannot be maintained under Rule 23(b)(1).

2. *Rule 23(b)(2)*

Rule 23(b)(2) allows class actions to be maintained when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . ." Fed. R. Civ. P. 23 (b)(2). In order to be certified under Rule 23(b)(2), Plaintiffs' claim for declaratory and injunctive relief must predominate over claims for money damages. Zimmerman, 800 F.2d at

11

389-90.  "[C]ertification under Rule 23(b)(2) is appropriate only if members of the proposed class would benefit from the injunctive relief they request."  Thorn, 445 F.3d at 331 (quoting In re Monumental Life Ins. Co., 365 F.3d 408, 416 (5th Cir. 2004)).

Plaintiffs admit there are large sums of money at stake in this litigation, and seek nearly $20 million in disgorged profits, not including punitive damages, prejudgment interest, attorney's fees, and litigation costs.  Plaintiffs also seek an order declaring that Defendants' advertising practices are misleading and an injunction prohibiting Defendants from advertising top prizes that are no longer available.  Plaintiffs' Third Amended Complaint ¶¶ 57-58.  However, Plaintiffs have failed to demonstrate that the putative class members would benefit from the injunctive relief they request.  Plaintiffs Benton and Cuming, for example, have purchased instant scratch-off tickets despite their understanding that the SCEL sold scratch-off tickets after the top prizes were no longer available.  Thus, the injunctive relief sought would not serve to protect them from further harm.  Under such circumstances, certification under Rule 23(b)(2) is inappropriate.  See Monumental, 365 F.3d at 416; see also Bolin v. Sears Roebuck & Co., 231 F.3d 970, 979 (5th Cir. 2000) (denying certification under Rule 23(b)(2) where the class had an "interest in individualized damages determinations.").

3.  *Rule 23(b)(3)*

Rule 23(b)(3) is "similar to but more stringent than the commonality requirement of Rule 23(a)."  Id.  Rule 23(b)(3) actions must meet two requirements, "predominance" and "superiority."  The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  Amchem, 521 U.S. at 623.  The superiority inquiry tests whether a class action is "superior to other methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  In considering Rule 23(b)(3) certification, the court must consider: (A) the

class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Id.

Plaintiffs argue that the questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is the superior method of adjudication of the claims in this case because of the large size of the class and the relatively small losses experienced by each individual class member. Plaintiffs also indicate that there are no other suits pending with respect to Plaintiffs' claims and can foresee no difficulties in managing this class action. In opposition to Rule 23(b)(3) certification, Defendants raise the individual questions of law and fact the court has acknowledged hereinabove.

For the same reasons that Plaintiffs' proposed class fails to meet the "commonality" requirement under Rule 23(a), it must fail certification under Rule 23(b)(3). A class action is not the superior method of adjudication where the court would be forced to examine the circumstances, motivations, and applicable defenses of each class member's individual claim. See Thorn, 445 F.3d at 321. As such, the court finds that Plaintiffs' proposed class cannot be maintained under Rule 23(b)(3).

### III. CONCLUSION

For the reasons stated, the court hereby DENIES Plaintiffs' motion to certify class (Entry 103) with respect to a Plaintiff class.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

March 28, 2008
Columbia, South Carolina